(C. D. 634)

Spiegel Bros. *v.* United States

United States Customs Court, Second Division

(Decided May 20, 1942)

*Puckhafer, Rode & Rode (Howard C. Carter* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation consisting of 1,000 pairs of rubber inner tubes for bicycle tires. Duty was levied thereon at the rate of 30 per centum ad valorem under paragraph 371 of the Tariff Act of 1930 as parts of bicycles. It is claimed that said inner tubes, together with the 1,000 pairs of outer casings therefor which accompanied them in the same shipment, constitute entireties, to wit, complete bicycle tires, and as such are properly dutiable at but 10 per centum ad valorem under the provision in paragraph 1537 (b) of said act for "bicycle tires composed wholly or in chief value of rubber."

At the hearing, held in New York on November 10, 1941, the following colloquy took place:

Mr. Carter. I offer to stipulate that the merchandise consists of 1,000 pairs of pneumatic bicycle tire casings and 1,000 pairs of inner tubes, packed in separate cases for convenience in transporting them.

\* \* \* \* \* \* \*

We further offer to stipulate that one of said casings and one of said inner tubes constitute a complete bicycle tire; that said pneumatic bicycle tire casings cannot

be used as a bicycle tire without an inner tube; that said inner tubes cannot be used on a bicycle without a pneumatic casing; that said inner tubes are composed in chief value of rubber; and that no bicycles were included in this importation.

Mr. FitzGibbon. All those facts are agreed to.

Upon the agreed facts we are satisfied that the claim of the plaintiffs is well founded.

In Funk & Wagnall's New Standard Dictionary the word "tire" is defined as—"a flexible tube, usually of rubber inflated with air, set in a rim or felly and protected by a shoe or outer covering."

From this definition it is apparent that neither the inner tube nor the outer case considered separately constitutes a bicycle tire. It is only when the two have been united that the resulting article attains the status of a bicycle tire.

In *Kwong Yuen & Co.* v. *United States*, T. D. 49409, 73 Treas. Dec. 297, this court, reviewing decisions on the general subject of entireties, said, among other things:

> The courts have announced the principle that articles, imported together, form an entirety for dutiable purposes when in such condition that a joining together thereof creates a complete article of commerce, merging them into a new article having a new name and new use. See *Isaacs* v. *Jones*, 148 U. S. 648; *United States* v. *Auto Import Co.*, 168 Fed. 242; *Park & Tilford* v. *United States*, 1 Ct. Cust. Appls. 34, T. D. 31006; *Knauth* v. *United States*, 1 Ct. Cust. Appls. 422; T. D. 31499; *Jackson Co.* v. *United States*, 2 Ct. Cust. Appls. 475, T. D. 32227; *United States* v. *Haaker*, 4 Ct. Cust. Appls. 508, T. D. 33935; *Altman* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232; *Salemi & Sons* v. *United States*, 19 C. C. P. A. 43, T. D. 44892; *United States* v. *Miyaka*, 22 C. C. P. A. 38, T. D. 47039; *Yardley* v. *United States*, 22 C. C. P. A. 390, T. D. 47400; *United States* v. *Woolworth*, 23 C. C. P. A. 365, T. D. 48212; *Brach* v. *United States*, Abstract 26145; and *Piver* v. *United States*, T. D. 47357.
>
> \* \* \* \* \* \* \*
>
> In connection with articles imported together other than those *eo nomine* provided for, it has been held that if the articles designed to be used together are separate, distinct, and complete in themselves, they are not regarded as entireties for dutiable purposes because they do not merge so as to form a new or distinct article of commerce having a different character or name, or because neither became essential to the completeness of the other, or there appeared to be no natural affinity or relation between the articles. See *Borgfeldt* v. *United States*, 11 Ct. Cust. Appls. 105, T. D. 38750; *United States* v. *Borgfeldt*, id. 129, T. D. 38934; *United States* v. *Kalter*, id. 540, T. D. 39680; *Lord & Taylor* v. *United States* (G. A. 6942, T. D. 30140); *Cincinnati Artistic Wrought Iron Works* v. *United States*, T. D. 44354; *Vantine* v. *United States*, Abstract 34727 (T. D. 34165); *Coty Processing Co., Inc.*, v. *United States*, 23 C. C. P. A. 117, T. D. 47768; and *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*, 22 C. C. P. A. 281, T. D. 47330. \* \* \*.

In *Dunlop Tire & Rubber Cc* v. *United States*, Abstract 48484, 47 Treas. Dec. 886, inner tubes for automobile tires were classified by the collector as manufactures of india rubber at 25 per centum ad valorem under paragraph 1439 of the Tariff Act of 1922. They were claimed

to be dutiable at only 10 per centum ad valorem under the same paragraph as automobile tires. In affirming the classification of the collector, this court held that the 10 per centum ad valorem provision in said paragraph 1439 covered only complete tires, and since the merchandise there involved consisted only of inner tubes, the assessment of 25 per centum ad valorem as manufactures of rubber must prevail.

It is evident that in the case at bar the plaintiffs have met the deficiency which existed in the last-cited case, since in the instant case the shipment consists of an equal number of inner tubes and outer casings therefor, the two constituting complete bicycle tires.

Inasmuch then, as, after importation, the inner tubes and the casings are used together to form complete tires, the case falls squarely within the decision in *United States* v. *Irwin*, 78 Fed. 799, in which certain shotgun barrels and gunstocks with locks, constituting all the parts of complete breech-loading shotguns, were imported on the same vessel, although separately packed. On these facts it was held that the barrels and stocks were not separately dutiable but were to be considered as constituting an importation of complete shotguns.

Upon the established facts and the law applicable thereto we hold that the present rubber inner tubes for bicycle tires, and the accompanying outer casings therefor, are entireties, and as such are properly dutiable at the rate of 10 per centum ad valorem under the provision in paragraph 1537 (b) of the Tariff Act of 1930 for "bicycle tires composed wholly or in chief value of rubber," as alleged by the plaintiffs. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.