(C. D. 1017)

F. A. BAKER CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 24, 1946)

*Siegel & Mandell* (*Joshua M. Davidson* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and LAWRENCE, Judges

LAWRENCE, Judge: Plaintiff challenges the decision of the collector of customs in classifying certain imported merchandise described on the invoice as "Dunlop Champion Tubes," in varying sizes, under the provision for parts of bicycles in paragraph 371 of the Tariff Act of 1930, and in assessing duty thereon at the rate of 30 per centum ad valorem. It is claimed, alternatively, by the plaintiff that the articles should have been classified either as bicycle tires composed wholly or in chief value of rubber under paragraph 1537 (b) of said act and subjected to duty at the rate of 10 per centum ad valorem, or at the rate of 25 per centum ad valorem under said paragraph as manufactures of rubber, not specially provided for.

The competing paragraphs above cited, so far as here pertinent, read:

PAR. 371. Bicycles, and parts thereof, not including tires, 30 per centum ad valorem: * * *

PAR. 1537.

\*      \*      \*      \*      \*      \*      \*

(b) Manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for, 25 per centum ad valorem; automobile, motor cycle, and bicycle tires composed wholly or in chief value of rubber, 10 per centum ad valorem * * *

It is not disputed that the imported tubes are manufactures in chief value of rubber, and that they would be dutiable as such in the absence of a more specific provision therefor. In the view we take of the case, however, the issue resolves itself into the question whether the imported tubes are parts of bicycles within the meaning of paragraph 371, *supra*, as classified by the collector, or are bicycle tires composed wholly or in chief value of rubber, as claimed by the plaintiff.

It is the contention of plaintiff that the imported tubes, together with a corresponding number of covers or casings, constitute bicycle tires. However, as pointed out by the Government in its brief, an examination of the invoice discloses that there are 120 covers or casings and 100 tubes measuring 26 x 1¼ inches; 120 covers or casings and 100 tubes measuring 26 x 1½ inches; 20 covers measuring 28 x 1½ inches and 100 tubes measuring 26 x 1⅜ inches, there being no covers or casings of the last size, while 40 of the covers or casings have no corresponding tubes.

In support of its claim plaintiff offered the testimony of two well-qualified witnesses—Frederick A. Baker, general manager and

proprietor of the importing company with 50 years' experience in the bicycle industry, and Otto Ling, an importer and jobber in bicycles covering a period of 48 years.

The gist of their testimony of importance here is that a tube and a cover or casing, when properly adjusted, constitute a bicycle tire; that for a few years immediately prior to the turn of the nineteenth century the bicycle tire then in common use was known as a single tube tire in which the tube portion was cemented to the cover, as indicated by illustrative exhibit C herein. Later developments in the industry, in the early nineties, however, brought forth the familiar casing, and inner tube, the two being mechanically combined when in use. Both of these witnesses insisted that a bicycle tire was a combination of an inner tube and an outer casing, and that without the inner tube the casing was useless, and vice versa.

On the other hand, three equally well-qualified witnesses appeared on behalf of the Government, namely, Harry W. Brown, assistant sales manager of the tire division of the United States Rubber Co., who has been selling bicycle tires and inner tubes for 5 years; John J. McDermott, assistant sales manager of the B. F. Goodrich Co., with an experience of more than 30 years in selling bicycle tires and parts of bicycles; and Harry K. Roseberry, for 21 years field representative and salesman for the tire division of the Goodyear Tire and Rubber Co. These three witnesses, representing large rubber-manufacturing companies, testified concerning the advertising and sale of bicycle tires and inner tubes. Each was clear and positive in his testimony that there is a well-recognized trade distinction between a tire or casing and its inner tube; that the words "tire" and "casing" are synonymous terms used interchangeably to denote one and the same thing; that the inner tubes in controversy herein, as represented by illustrative exhibit A, are always known as tubes and never as tires; that a bicycle tire is the outer covering or casing in which the inner tube is inserted and inflated when in actual use on bicycles.

Their testimony is reinforced by documentary proof in the nature of catalogs and price lists of several of the largest rubber manufacturers and dealers in this country, including the B. F. Goodrich Co., the Goodyear Tire and Rubber Co., and the United States Rubber Co. (illustrative exhibits F, G, and H). See also plaintiff's illustrative exhibits D and E, particularly pages 1, 2, and 3 of the former. In all of such exhibits tires (or casings) are differentiated from tubes, each being separately illustrated, priced, and dealt in as distinct articles.

We are satisfied from an examination of the oral and documentary proof herein that plaintiff has failed to overcome the presumption of correctness which attaches to the decision of the collector. The weight of the evidence clearly preponderates in demonstrating that

bicycle tires and bicycle tubes are separate entities, and that the words "casing" and "tire" are synonymous terms used interchangeably to denote the same article, which is separate and distinct from the inner tube which it contains when in actual use.

Our conclusion is fortified by a reference to the tariff treatment of the subject. For instance, in the "Summary of Tariff Information, 1921, relative to the Bill, H. R. 7456" (which later became the tariff act of September 21, 1922) "Prepared by the United States Tariff Commission for the use of the Senate Committee on Finance" may be found, at page 1181, this statement under the heading "Manufacturers of India Rubber":

* * * In 1919 there were 461 establishments with production of $1,112,-258,000. This total included * * * *casings and solid tires*, 34,404,000, valued at $550,718,000; and *inner tubes*, 41,093,000, valued at $202,207,000. * * * [Italics supplied.]

Similarly, prior to the enactment of the Tariff Act of 1930, we find in the "Summary of Tariff Information, 1929 * * * Compiled by the United States Tariff Commission and printed for the use of the Committee on Ways and Means House of Representatives" at page 2088, various statistics under the heading "Automobile, Motor Cycle, and Bicycle Tires and Inner Tubes." The first paragraph under such heading reads:

DESCRIPTION.—The census divides rubber tires and inner tubes into two main groups, pneumatic and solid. Pneumatic tires and inner tubes are subdivided into automobile and truck and motor cycle and bicycle. Solid tires are subdivided into truck and all other.

And on the same page, under the heading "Tires," may be found these sentences:

The United States is the largest producer of automobile tires in the world. The manufacture of rubber tires and inner tubes is much the largest branch of the rubber industry. * * * The following table shows production in the United States of rubber tires and inner tubes:

In the tables detailing the different statistics, a careful distinction is drawn between "tires" and "inner tubes," which distinction is preserved whether the data relates to automobile, motorcycle, or bicycle tires and inner tubes.

A mere perusal of the treatment accorded the subject of "tires" in the tariff summaries is sufficient to dispel any doubt that a clear differentiation is made between a tire and an inner tube, each being recognized as a separate and distinct article having no relation one to the other for tariff purposes.

Equally significant is the language employed in section 3400 (a) (1) and (2), 26 USCA 15, "Cumulative Annual Pocket Part," amending the Revenue Act of 1932, ch. 209, sec. 602, 47 Stat. 261, as amended, which reads:

*Sec. 3400. Tax on tires and inner tubes.*

(a) *Tax.* There shall be imposed upon the following article sold by the manufacturer, producer, or importer, a tax at the following rates:

(1) Tires wholly or in part of rubber, 5 cents a pound on total weight (exclusive of metal rims or rim bases), to be determined under regulations prescribed by the Commissioner with the approval of the Secretary.

(2) Inner tubes (for tires) wholly or in part of rubber, 9 cents a pound on total weight, to be determined under regulations prescribed by the Commissioner with the approval of the Secretary.

A reading of the last-quoted statute is further evidence of the congressional differentiation between tires and tubes, recognizing each class of articles as separate and distinct from the other.

It may be of interest to note that the provision for parts of bicycles, not including tires, has been in every tariff act since its first appearance in the Tariff Act of 1909.

In this case the parties litigant have specifically disclaimed any intention to establish a commercial meaning for the word "tire" different from its common designation. As was said by our appellate court in *United States* v. *John B. Stetson Co.*, 21 C. C. P. A. (Customs) 3, T. D. 46319:

No commercial designation having been established, we may next inquire as to the state of the law and the record on the question of the common designation of the imported goods. The common meaning to be attached to a term or word used by the Congress in a provision of a tariff act is a matter to be determined by the court having the same under consideration. In making this determination the court may rely upon its own understanding of the word or term used, and it may assist its own understanding by reference to the works of standard lexicographers, scientific authorities, the testimony of witnesses, or by such other means as may be available. If testimony be offered upon the common meaning of a statutory word or term such testimony is advisory only and has no binding effect on the court. *United States* v. *Flory & Co.*, 15 Ct. Cust. Appls. 156, T. D. 42219; *United States* v. *Felsenthal*, 16 Ct. Cust. Appls. 15, T. D. 42713; *United States* v. *May Department Stores*, 16 Ct. Cust. Appls. 353, T. D. 43090; *United States* v. *Moscini*, 19 C. C. P. A. (Customs) 144, T. D. 45261. This is true whether the court be *nisi prius* or appellate.

Plaintiff contends that the following dictionary definitions cited by it substantiate the testimony of its witnesses:

Funk & Wagnalls New Standard Dictionary:

**Tire, n. 2.** A flexible tube, usually of rubber inflated with air, set in a rim or felly and protected by a shoe or outer covering: used on motor-car wheels, bicycles, etc., to reduce vibration or shock.

Webster's New International Dictionary:

**Tire, n. 4.** Commonly spelt "tyre" in British usage. [prob. the same word, and so called as being an attire or covering for the wheel.] A hoop or band forming the tread of a vehicle wheel. The iron or steel tire shrunk on the fellies of a wagon or cart wheel serves also to bind these together. The pneumatic tire for a bicycle or automobile serves primarily to reduce vibration or shock.

The latter definition merely describes the purpose served by a pneumatic tire, and therefore is of little or no assistance in determining what constitutes a bicycle tire. Accordingly, we summarily dismiss it from further consideration. As to the former, it may be said to be fairly descriptive of illustrative exhibit C herein, which, however, is not representative of the bicycle inner tubes in controversy. That exhibit consists of a piece of a so-called single tube tire which the witness Baker defined as follows:

* * * a single-tube tire was a bicycle tire in which the tube was cemented inside of the cover and the whole thing combined made a complete tire.

adding—

The only difference between this and the other type is that this tube is cemented in the cover and the other is separate, detachable.

Hence, at least so far as it purports to describe illustrative exhibit C (single tube tire), the quoted Funk & Wagnalls definition would seem to include it as a bicycle tire, a fact which appears to be amply supported not only by plaintiff's proof but by the record as a whole. But we are not equally convinced that the same is true with respect to the imported inner tubes. Whatever may be said concerning the applicability thereto of said dictionary definition, we do not believe the situation is materially aided by plaintiff's testimony. In fact, we are satisfied that it is not altogether accurate to say that such testimony substantiates the definition. For instance, when the witness Baker was asked how he sells illustrative exhibits A and B (inner tubes and casings), he answered "Tubes are sold as tubes, and casings are sold as casings, and they are billed as such," supporting his statement by saying: "Well, here (showing) is our own catalogue which shows casings and tubes." To the further question, "And how about tires?", his reply was: "Tires—well, tires, the only tire we have is the single-tube tire."

His cross-examination disclosed the fact that in his catalog and price list (illustrative exhibits D and E, respectively), tubes were depicted and advertised as tubes, whereas casings while so characterized, nevertheless, appeared under the name "Tires" and were pictorially represented and advertised as such. That proof, we believe, weakened the testimony of the witness Baker that, in his opinion, a bicycle tire always consisted of an outer casing and an inner tube.

The same comment might well apply to the testimony of plaintiff's second witness, Otto Ling. Asked what he would send if a customer ordered 100 bicycle tires, he replied that unless and until he learned whether both casings and tubes were desired, he would not know what to send.

As we read it, we do not regard plaintiff's testimony as substantiating the definitions quoted in its brief.

In its brief plaintiff alleges that—

The identical issue here involved was the subject of a decision by this Court in the case of *Spiegel Bros.* v. *United States*, 8 Cust. Ct. 340, C. D. 634, wherein this Court held that certain rubber inner tubes with an equal number of outer coverings were dutiable as bicycle tires.

It is hardly an accurate statement to say that the issue in the two proceedings is "identical," for the simple reason that in *Spiegel Bros.* v. *United States, supra,* the merchandise consisted of 1,000 pairs of pneumatic tire cases and 1,000 pairs of inner tubes, and it was stipulated between the parties "that one of said casings and one of said inner tubes constitute a complete bicycle tire." In the case at bar, however, it is strenuously contended by the Government that a casing and a tube do not constitute a bicycle tire; that, on the contrary, the casing in and of itself constitutes a complete tire, without the inner tube, and that the tire and tube are two separate and distinct dutiable entities.

As matter of fact, the decision in the *Spiegel* case, *supra,* was never followed administratively. Note 78 Treas. Dec. 59, T. D. 50706. Indeed, it is entirely probable that the present litigation was instituted to test the soundness of the decision in the cited case. While we have no criticism to make of the conclusion reached in the *Spiegel* case, *supra,* which was entirely proper, based on the facts there presented, we are nevertheless of the opinion that it may not be followed here in view of the evidence in the record before us.

Inasmuch as paragraph 371, *supra,* provides for bicycles, and parts thereof, not including *tires,* and since paragraph 1537 (b), *supra,* makes specific provision for *bicycle tires,* it would seem under the well-known doctrine of *expressio unius est exclusio alterius* that the only bicycle parts excluded from paragraph 371 are bicycle tires. Consequently, the inner tubes used in conjunction with bicycle tires, being unquestionably parts of bicycles without which the latter would be incomplete and utterly incapable of performing the function for which they were designed, it follows that the inner tubes in controversy were properly classified by the collector under said paragraph 371 as parts of bicycles, and we so hold. *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851.

Plaintiff having failed to overcome the presumptive correctness of the collector's classification of the imported bicycle inner tubes, the protest must be and hereby is in all respects overruled, and the decision of the collector is affirmed. Judgment will be entered accordingly.