(C.D. 4101)

J. GERBER & CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 22, 1970)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* of counsel) for the plaintiff. *William D. Ruckelshaus*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: Plaintiff by timely protest has directed its claim against the action of the regional commissioner of customs at the port of New York in classifying certain automobile vacuum cleaners under item 683.30 of the Tariff Schedules of the United States which prescribes duty at the rate of 13.75 per centum ad valorem. These vacuum cleaners are of the type which are plugged into the cigarette lighter socket of the automobile to obtain its operating power.

It is contended that said vacuums are not of the household type and hence are subject to classification under item 678.50 of the TSUS and subject to duty at 10 per centum ad valorem or alternatively under item 688.40 of the TSUS and as such dutiable at 11.5 per centum ad valorem.

The pertinent portions of the statutes involved provide as follows:

|  | Vacuum cleaners, floor polishers, food grinders, and mixers, juice extractors and other electro-mechanical appliances, all the foregoing with self-contained electric motors, of types used in the household, hotels, restaurants, offices, schools, or hospitals (but not including factory or other industrial appliances or electro-thermic appliances), and parts thereof: |  |
|---|---|---|
| 683.30 | Vacuum cleaners, floor polishers and parts thereof | 13.75% ad val. |
| 678.50 | Machines not specially provided for, and parts thereof | 10% ad val. |
| 688.40 | Electrical articles, and electrical parts of articles, not specially provided for | 11.5% ad val. |

This case was submitted on the following stipulation of fact.

IT IS AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

1. That the involved merchandise consists of automobile vacuum cleaners, Item 3925, which were classified under Item 683.30, TSUS, as vacuum cleaners of the type used in the household, hotels, restaurants, offices, schools, or hospitals, and claimed dutiable under item 678.50, as machines not specially provided for, or in the alternative under Item 688.40, TSUS, as electrical articles not specially provided for.

2. That the sample annexed hereto is representative of the involved merchandise and may be received in evidence as Plaintiff's Exhibit 1.

3. That Exhibit 1 is designed to be operated by plugging its cord into an automobile cigarette lighter's receptacle which operates on 6 or 12 volts.

4. That the imported merchandise can also be used by plugging the unit into any 6 or 12-volt D.C. or rectified A.C. power source, to which a female cigarette lighter adapter has been attached, or by attaching alligator clips from the output of a battery charger to the top and body of the plug attached to the vacuum cleaner. It can be used on 110–120 volt house current through the use of a transformer to reduce the voltage, to which a female cigarette lighter adapter has been attached. This subsidiary equipment is not required when the article is used in an automobile.

5. That the protest be deemed submitted on this statement of fact.

6. That the protest was filed within the time provided by law.

7. That the plaintiff be given sixty (60) days from the time this matter is approved by the Court for submission in which to file its brief.

That the Government be given (60) days from the receipt of plaintiff's brief in which to file an answering brief.

Based upon the stipulation of fact and the language of the superior heading for item 683.30, *supra*, plaintiff urges its position that only vacuum cleaners of the type used in the household, hotels, restaurants, offices, schools or hospitals are encompassed therein. The language "of types used" contained in the superior heading is clearly indicative of the intent of Congress to enact a "use provision". In instances involving use we note that General Interpretative Rule 10(e)(i) contains the following language:

(e) in the absence of special language or context which otherwise requires—
(i) a tariff classification controlled by use (other than actual use) is to be determined in accordance with the use in the United States at, or immediately prior to, the date of importation, of articles of that class or kind to which the imported articles belong, and the controlling use is the chief use, i.e., the use which exceeds all other uses (if any) combined;

Accordingly the chief use of the article at or immediately prior to the time of importation is the controlling factor under the classified provision of the Tariff Schedules of the United States. By virtue of that classification it is presumed that the imported articles are chiefly used in the places enumerated in the superior heading. In order to overcome this presumption, plaintiff must negate such facts and estab-

lish the correct classification. Paragraph 3 of the stipulation of fact entered into by counsel establishes that exhibit 1 is designed to be operated by plugging it into an automobile cigarette lighter receptacle which operates on 6 or 12 volts. The electrical systems of an automobile and the household and other places enumerated in the superior heading are so well known that the court may take judicial notice of the fact that ordinarily the former utilizes 6 volt or 12 volt and the latter 110 volt or 220 volt systems. Since the physical construction of the imported vacuum limits its use, without a transformer, to 6 or 12 volt operation, it is readily apparent that it could not be used in any of the places enumerated in the superior heading.

While it has been stipulated under paragraph 4 that it may be used in the manner set forth, it is a basic principle of law in customs jurisprudence that merchandise is dutiable in its condition as imported. *United States* v. *Schoverling*, 146 U.S. 76 (1892). Exhibit 1 was imported without a transformer and with a plug designed to be inserted in an automobile cigarette lighter receptacle. We are of the opinion that exhibit 1 is not of the types used in the household, hotels, restaurants, offices, schools, or hospitals.

Defendant contends that by use of the word "types" in the superior heading, Congress intended the article to be the type used in any of the enumerated places and not the type chiefly used in one of these places. We agree with this proposition except for the fact that it is clear that exhibit 1 in its condition as imported could not be used, chiefly or otherwise, in any of the enumerated places.

The Summaries of Trade and Tariff Information, Schedule 6, Volume 10 (1969), relied upon by defendant to support its position, carries little if any weight since this report is subsequent to the enactment of the involved provisions. Generally, a report made after the fact does not reflect the intent of Congress in enacting the involved provision. *W. R. Filbin & Co., Inc.* v. *United States*, 63 Cust. Ct. 200, C.D. 3897, 306 F. Supp. 440 (1969) ; *Arbor Import Corp.* v. *United States*, 64 Cust. Ct. 32, C.D. 3955 (1970).

An examination of plaintiff's exhibit 1 indicates it to be an electrically operated machine with a self-contained electric motor. This falls within headnote 3 of schedule 6 part 4 of the Tariff Schedules of the United States which provides as follows:

> 3. An electric motor or other power unit imported with a machine is classifiable with such machine as an entirety if fitted thereto when imported, or, if the machine or its framework is designed to receive the power unit, or if the shipment includes a common base designed to receive both the power unit and the machine.

Since exhibit 1 is a machine fitted with an electric motor it is for tariff purposes an entirety. This entirety is therefore an electrically

operated machine not specially provided for and as such subject to classification under item 678.50, *supra*, as claimed. The protest, to this extent, is sustained.

Judgment will be entered accordingly.