**PHONE–MATE, INC.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES,**
**Defendant–Appellee.**

**Appeal No. 88–1514.**

United States Court of Appeals,
Federal Circuit.

Feb. 9, 1989.

---

**4.** *Foman v. Davis,* 371 .U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Edward N. Glad, Glad & Ferguson, of Los Angeles, Cal., argued for plaintiff-appellant.

Mark S. Sochaczewsky, Dept. of Justice, New York City, argued for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, and Joseph I. Liebman, Atty. in Charge, International Trade Field Office.

Before BISSELL and ARCHER, Circuit Judges, and NICHOLS, Senior Circuit Judge.

PER CURIAM.

■ We are asked in this appeal to review a judgment of the United States Court of International Trade, reported as *Phone–Mate, Inc. v. United States*, 690 F.Supp. 1048 (Ct. Int'l Trade 1988). It was rendered on summary judgment as there were, and are, no disputed issues of fact. Affirming the Customs Service, the court holds that articles called Phone–Mates are, since 1984, dutiable under item 684.58 of the Tariff Schedules of the United States (TSUS) at 8.5 percent ad val. and not, as the importer contends, under item 688.41 at 4.1 percent. There is no dispute as to the nature of the articles which comprise a telephone, an answering and recording machine, and a digital clock. The court summarizes the applicable statutory provision as follows:

*Classified Under:*

Schedule 6, Part 5:

Electrical telegraph (including printing and type-writing) and telephone apparatus and instruments, and parts thereof:

Telephonic apparatus and instruments and parts thereof:

\*   \*   \*   \*   \*   \*

684.58 Telephone sets and other terminal equipment and parts thereof .................... 8.5% ad val.

*Claimed Under:*

Schedule 6, Part 5:

Electrical articles and electrical parts of articles, not specially provided for:

\*   \*   \*   \*   \*   \*

Other:

688.41 Articles designed for connection to telegraphic or telephonic apparatus or instruments or to telegraphic or telephonic networks ... 4.1% ad val.

■ After full briefing and oral argument, we agree with the decision of the Court of International Trade (Re, C.J.), and adopt its opinion as our own. As it is published, we need not repeat it here. The appeal is non-frivolous and not without support in the case law, but the Customs Service classification was, and is, correct.

Customs classified the merchandise under a relatively new provision of the TSUS, incorporated in it, with deletion of older material, by section 124 of the Trade and Tariff Act of 1984, Pub.L. No. 98–573, 98 Stat. 2948, 2955 (Act of Oct. 30, 1984). Chief Judge Re was, therefore, writing on a clean slate in a sense. However, the past in tariff matters it seems can never be entirely disregarded, and appellant raises certain issues as to which we feel a need to express our views while adopting, as we have said, the Re opinion as our own otherwise.

The 1984 amendments adopted item 684.-58 to be "subordinate to the superior heading" which is unchanged from prior law. By General Headnote 10(a)(i) "a superior heading cannot be enlarged by inferior headings indented under it but can be limited thereby." The relevant portion of the old superior heading here is:

Electrical telegraph (including printing and typewriting): and telephone apparatus and instruments and parts thereof.

The new inferior heading, 684.58 is:

Telephone sets and other terminal equipment and parts thereof.

The old inferior heading did not add the words "and other terminal equipment." Appellant also says that "terminal equipment" is less inclusive than "Customer Premises Equipment," but shows no reason why the Phone–Mate is not both. It is appellant's position, with some support both in logic and authority, that incorporation of telephones with other equipment to make an "entirety" which was more than a telephone, could not, before 1984, have been classified under the new-old superior heading.

■ We will state appellant's QED for it a bit more boldly than appellant does: Congress stultified itself in prescribing a new inferior heading which went beyond the scope of the unchanged superior heading and was therefore partly null and void. Congress, it is thought, could not make an entirety, that was comprised of a telephone and terminal equipment, be the same as a telephone only, without amending the superior heading, which it omitted to do.

■ We think the answer is that Congress is not bound by rules of construction, such as that relating to classification by entireties. If it disregards all the rules of construction, in course of stating its intent, its intent, if perceivable, still must govern. Here, doubtless Congress would not have deliberately made trouble for the Customs Service and the courts by writing an inferior heading reading outside a superior heading. It could very well, however, have overlooked the doctrine of entireties and regarded the answering and recording machine as ancillary to the function of the telephone as a telephone, or as a portion of a telephone "apparatus." If it so supposed, it would not perceive a need to enlarge the superior heading to give effect to its intent. This is a more rational view of congressional intent than to suppose a deliberate self stultification. While an inferi-

or heading cannot enlarge the reach of a superior heading, yet possibly by *noscitur a sociis*, if an old superior heading is removed from its former associates and placed above a new set of inferior headings, it may undergo some change of meaning itself, within the range of possible ambiguity, at least.

> This classic judicial task of reconciling many laws enacted over time, and getting them to "make sense" in combination, necessarily assumes that the implications of a statute may be altered by the implications of a later statute.

*United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 676, 98 L.Ed.2d 830 (1988).

At any rate, it seems clear to us that Congress intended to deal with a wide variety of telephone receiving devices and not relegate some of them to basket clauses, as appellant argues occurred with the Phone-Mate. Basket clauses (or rather the necessity of resorting to them) are the sources of endless confusion in customs administration, and it is difficult to believe Congress could have undertaken, as it did in 1984, to restructure and modernize the *eo nomine* provisions respecting telephones, and yet to leave anything so common as a combination telephone and answering machine to fall into a basket classification.

Appellant also cites to us an administrative ruling of the Customs Service published as C.S.D. 84–77, 18 Customs Bull. 1029 (1984). This ruling, dated March 26 of that year, places under the basket clause, Item 688.43, as an entirety, a combination clock radio and telephone. The ruling, however, sapiently says "[t]here are no ironclad rules or universally applicable principles for determining whether merchandise should be classified and dutied as entireties, and there are a number of criteria to be considered which may lead to 'contrary conclusions depending upon what criteria are given controlling effect.'" [Citation omitted.]

In view of this caveat, we interpret the ruling as never meant to construe any other statute than the one in force on March 26, 1984, and not intended to bind the Service as to any class or kind of merchandise other than that specifically described in the ruling. The 1984 Act was still six months from passage, and we are cited to nothing which extends C.S.D. 84–77 to importations the 1984 Act covers. Counsel know of no instance when it was. There is nothing in it to encourage any careful reader to believe it is meant to apply to post–1984 importations. Customs did not follow it in this case, and we do not think in the circumstances it was required to give any change of practice notice.

AFFIRMED.