**HUFFY CORP., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 83–12–01795.**

United States Court of International Trade.

Jan. 9, 1990.

Lamb & Lerch, Sidney H. Kuflik, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Mark S. Sochaczewsky, and (Karen Binder, U.S. Customs Service, New York City, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

RE, Chief Judge:

The question presented in this case pertains to the proper classification, for customs duty purposes, of certain merchandise imported from the Republic of Korea, and described on the customs invoices as "outer casings" and "inner tubes," for bicycle tires.

The merchandise was classified by the Customs Service under separate items of the Tariff Schedules of the United States (TSUS). The "outer casings" were classified as "[p]neumatic tires: ... [b]icycle," under item 772.48, TSUS, with duty at the rate of 5 per centum *ad valorem.* The "inner tubes" were classified as "[t]ubes: [b]icycle," under item 772.57, TSUS, with duty at the rate of 15 per centum *ad valorem.*

Plaintiff protests these classifications, and contends that the imported merchandise, i.e., both the "outer casings" and the "inner tubes," constitutes an "entirety" that is properly classifiable as "[p]neumatic tires: ... [b]icycle," under item 772.48, TSUS, with duty at the rate of 5 per centum *ad valorem.* In the alternative, plaintiff contends that if the court holds that the imported merchandise is not to be classified as an "entirety," then the "outer casings" are properly classifiable as "[t]ires, other than pneumatic tires," under item 772.54, TSUS, with duty at the rate of 3.1 per centum *ad valorem.*

The parties have stipulated the pertinent facts. Admittedly, the imported merchandise consists of "outer casings," "inner tubes," and "rim strips," for bicycle tires. Plaintiff, however, does not contest the classification of the "rim strips," which were classified as "[o]ther parts of bicycles," under item 732.42, TSUS, with duty at the rate of 14.2 per centum *ad valorem.*

The merchandise, which was included in a single entry, consists of six "part numbers," each of a different size and style, with equal numbers of "outer casings" and "inner tubes" of each part number. The "outer casings" and "inner tubes" of each part number are "matched and compatible for purposes of sizing, volumetric content and valve stem sizing." The "outer casings" provide "structural strength and durability to the ... bicycle tire," and the tread of the "outer casings" supply "traction and handling for the bicycle." The "inner tubes" "hold[ ] and maintain[ ] the pressurized air, [and] provide[ ] a cushion of air to support the bicycle as it is propelled along the surface." The parties have specifically agreed that "[i]n its imported condition and without an inner tube, plaintiff's ... outer casing cannot contain and maintain pressurized air."

The pertinent statutory provisions of the tariff schedules are as follows:

"Outer Casings" Classified Under:
    Schedule 7, Part 12, Subpart C:
  Tires, and tubes for tires, of rubber or plastics:
    Pneumatic tires:

772.48       Bicycle ................... 5% <u>ad val.</u>

"Inner Tubes" Classified Under:
    Schedule 7, Part 12, Subpart C:
  Tires, and tubes for tires, of rubber or plastics:
    Tubes:
772.57       Bicycle ................. 15% <u>ad val.</u>

Claimed as an "Entirety" Under:
    Schedule 7, Part 12, Subpart C:
  Tires, and tubes for tires, of rubber or plastics:
    Pneumatic tires:

772.48       Bicycle ................... 5% <u>ad val.</u>

Plaintiff's Alternative Claim for the "Outer Casings":
    Schedule 7, Part 12, Subpart C:
  Tires, and tubes for tires, of rubber or plastics:

**434**

772.54 Tires, other than pneumatic tires ............................ 3.1% <u>ad val</u>.

In essence, therefore, the question presented is whether the "outer casings" have been properly classified by Customs as "[p]neumatic tires: ... [b]icycle," under item 772.48, TSUS, and the "inner tubes" as "[t]ubes: [b]icycle," under item 772.57, TSUS, or whether the "outer casings" and "inner tubes" are properly classifiable as an "entirety," as "[p]neumatic tires: ... [b]icycle," under item 772.48, TSUS, as claimed by plaintiff. Alternatively, if the court holds that the imported merchandise, consisting of the "outer casings" and "inner tubes," does not constitute an "entirety," the question presented is whether the "outer casings" are properly classifiable as "[t]ires, other than pneumatic tires," under item 772.54, TSUS, as claimed by plaintiff.

In order to decide these questions the court must consider "whether the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878, *reh'g denied*, 739 F.2d 628 (Fed.Cir.1984). Pursuant to 28 U.S.C. § 2639(a)(1) (1982), the government's classification is presumed to be correct, and the burden of proof is upon the party challenging the classification. *See Jarvis Clark Co.*, 733 F.2d at 876.

Contending that there are no genuine issues of material fact, both parties move for summary judgment pursuant to Rule 56 of the Rules of this court. Upon examining the pertinent tariff schedules, relevant case law, lexicographic definitions, and supporting papers, the court concludes that there are no genuine issues of material fact, that plaintiff has successfully rebutted the presumption of correctness that attaches to the classification by Customs, and that the bicycle "outer casings" and bicycle "inner tubes" are properly classifiable as an "entirety" as "[p]neumatic tires: ... [b]icycle," under item 772.48, TSUS. Hence, plaintiff's motion for summary judgment is granted, and defendant's cross-motion for summary judgment is denied.

On a motion for summary judgment, it is the function of the court to determine whether there are any factual disputes that are material to the resolution of the action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Furthermore, "[t]he court may not resolve or try factual issues on a motion for summary judgment." *Phone–Mate, Inc. v. United States*, 12 CIT ——, 690 F.Supp. 1048, 1050 (1988), *aff'd*, 867 F.2d 1404 (Fed.Cir.1989). The court may grant a motion for "summary judgment ... against a party who fails to present sufficient evidence 'to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Liberty Lobby, Inc. v. Rees*, 852 F.2d 595, 598 (D.C.Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)), *cert. denied*, —— U.S. ——, 109 S.Ct. 1118, 103 L.Ed.2d 181 (1989). In ruling on cross-motions for summary judgment, if no genuine issues of material fact exist, the court must determine whether either party "is entitled to a judgment as a matter of law." USCIT R. 56(d).

In support of its motion, plaintiff contends that the bicycle "outer casings" and bicycle "inner tubes," "properly matched to function together on a bicycle, and ... imported together in equal numbers, are together classifiable under item 772.48, TSUS, as a bicycle pneumatic tire." More specifically, plaintiff contends that the "outer casings" cannot be classified separately as "[p]neumatic tires: ... [b]icycle," because "the term pneumatic refers to the ability *to inflate* an article [and] [i]t is a stipulated fact that the ... outer casing ... is unable to contain and maintain pressurized air without an inner tube." (emphasis in original).

In upholding Customs' classification, the defendant maintains that "while [plaintiff] argues that a bicycle pneumatic tire, by definition, incorporates a tube, and cites definitions in support of its claim, those definitions cannot prevail over congressional intent." (citation omitted). Defendant submits that "it is apparent that Congress

intended that [bicycle] tires (outer casings) and [bicycle] tubes were to be classified separately under the TSUS...."

It is evident from the stipulated facts and submissions that there is no material issue of fact in dispute, but rather, an issue of law. Namely, the parties dispute whether item 772.48, TSUS, for "[p]neumatic tires: ... [b]icycle," encompasses or provides for "outer casings" of a pneumatic tire even though without the corresponding "inner tube," the "outer casing" cannot maintain pressurized air or serve as a bicycle tire.

It is fundamental that the meaning of terms used in the TSUS is "a question of law." *Convertors Div. of Am. Hosp. Supply Corp. v. United States*, 861 F.2d 710, 712 (Fed.Cir.1988). Hence, since the question presented is one of law, the court may grant an appropriate motion for summary judgment.

It is basic in customs law that "it is the function of the court to interpret the tariff acts in a manner that will fulfill or carry out the intent of Congress." *Phone–Mate, Inc. v. United States*, 12 CIT ——, 690 F.Supp. 1048, 1051 (1988) (citing *Sandoz Chem. Works, Inc. v. United States*, 43 CCPA 152, 156, C.A.D. 623 (1956)), *aff'd*, 867 F.2d 1404 (Fed.Cir.1989). This court has repeatedly stated that "[t]he initial source for the determination of congressional intent is the specific language of the tariff provision, which is to be given its common or commercial meaning." *Id.* (citing *Ameliotex, Inc. v. United States*, 65 CCPA 22, 25, C.A.D. 1200, 565 F.2d 674, 677 (1977)). In this case, the parties have stipulated that "[t]here is no special commercial designation of the term 'pneumatic bicycle tire' different from the common meaning of said term." Hence, as is stated in *Pistorino & Co. v. United States*, 82 Cust.Ct. 168, 175–76, C.D. 4799 (1979), "it is well established in customs law that the common meaning of a term used in the tariff laws is a question of law to be determined by the court."

In support of its contention that the bicycle "outer casings" are not within the common meaning of bicycle "pneumatic tire," plaintiff has presented lexicographic materials that uniformly define "pneumatic" as holding or containing pressurized air. There is no question that the parties have stipulated that the "outer casings" cannot accept or maintain pressurized air without a corresponding "inner tube."

According to *Webster's New Twentieth Century Dictionary of the English Language*, "pneumatic" means "of or containing wind, air, or gases," or "worked by or filled with compressed air." *Webster's New Twentieth Century Dictionary of the English Language* 1386 (2d ed. 1961). Plaintiff also cites *Webster's New International Dictionary of the English Language*, which defines "pneumatic" as "[o]f, pertaining to, or using, air or wind,.... [s]pecif[ically]: ... [m]oved or worked, as a tool, by pressure of air either by a percussive action ... or by a rotary action[,] ... [a]dapted for holding compressed air; inflated with air." *Webster's New International Dictionary of the English Language* 1898 (2d ed. 1945).

Plaintiff also presents definitions or descriptions of "pneumatic tire" to indicate that a pneumatic tire contains both an outer covering and an "inner tube." According to one source, "[p]neumatic tyres have been subdivided into two great classes: Single-tube tyres, in which an endless tube is made air-tight, and sufficiently strong to resist the air pressure; [and] Compound tyres, consisting of two parts—an inner air-tube and an outer-cover." A. Sharp, *Bicycles & Tricycles: An Elementary Treatise on Their Design and Construction* 494 (1896). Plaintiff also cites the *Dictionary of Rubber Technology*, which defines a "Pneumatic Tyre," in pertinent part, as "[a]n assembly of outer cover (or tyre) fitted with inner tube and mounted on a metal rim or wheel; the inner tube is inflated with air under pressure which supports the load of the vehicle." A. Craig, *Dictionary of Rubber Technology* 118 (1969).

In addition, in support of its contentions, plaintiff cites language from two encyclopedias. The *Encyclopedia Britannica* states that "[t]he necessity for a ready

means of repair resulted in tires taking the form of a separate inflatable inner tube with a detachable outer cover." 22 *Encyclopedia Britannica* 14 (1970). In a section of the same article, entitled "Tire Construction," there are two sub-headings, entitled "Casings" and "Inner Tubes." *See id.* at 15. In the context of automotive tires, the *McGraw–Hill Encyclopedia of Science and Technology* notes that "[t]he principal type of tire in use today on automotive vehicles is the pneumatic tire, comprising an outer case or shoe, either sealed to the rim of the wheel to contain air under pressure, or fitted with a separate inner tube that contains the air." 13 *McGraw–Hill Encyclopedia of Science and Technology* 651 (1966).

Plaintiff further stresses that "[h]istorically, pneumatic tires have always had the ability to accept and maintain pressurized air." Relying on *The Old Timers Tire Guide*, plaintiff notes that "as far back as 1891 a pneumatic tire could consist of single tube type (tubeless tire) or a casing and tube together." *See The Old Timers Tire Guide* 16–17 (1976). Plaintiff also cites the *Tire Guide*'s definition of "pneumatic tire," which describes it as "contain[ing] the gas or fluid that sustains the load." *Id.* at definition section.

In addition to lexicographic sources, plaintiff submits other authorities and materials. Plaintiff presents four affidavits, of persons experienced in the manufacture or design of bicycles. The affiants state that, based on their educational and work experience, the imported "outer casings" are not "pneumatic tires." The affiants explain that a "pneumatic tire" must be able to hold pressurized air, and conclude that only with the addition of matching "inner tubes" do the "outer casings" become "pneumatic tires." Plaintiff also cites a series of four patents "which indicate by their descriptive language that a pneumatic tire must be able to contain pressurized air." Plaintiff also presents a regulation of the National Highway Traffic Safety Administration which defines a "pneumatic tire" for automobiles as "a mechanical device made of rubber, chemicals, fabric and steel or other materials, which,

when mounted on an automotive wheel, provides the traction and *contains the gas or fluid that sustains the load.*" 49 C.F.R. § 571.109(S3) (1988) (emphasis added).

Based on the lexicographic sources and the other materials submitted by plaintiff, it cannot seriously be disputed that the common meaning of a "pneumatic tire" is of a device with the ability to hold or maintain pressurized air. Indeed, the parties have stipulated that the imported bicycle "outer casing" "cannot contain and maintain pressurized air." Hence, it is clear that the imported bicycle "outer casings" are not within the common meaning of bicycle "pneumatic tires."

Nevertheless, defendant cites language from a *Summary of Trade and Tariff Information* in support of its claim that "outer casings" for pneumatic tires are synonymous with "pneumatic tires" for customs classification purposes. In a paragraph entitled "Pneumatic Tires," the *Summary* states that "[t]here are both tubeless tires and tires which require tubes...." United States International Trade Commission, *Summary of Trade and Tariff Information, Tires and Tubes, TSUS Item Nos. 772.45–.60*, publ. 841, p. 3 (March 1981). It also describes "inner tubes" as "currently being produced ... for use in bicycle tires...." *Id.* at 6.

Defendant concludes that "[t]he *Summary* ... indicates that tubes and tires are separate commodities, and so should not be considered an entirety...." The *Summary*, however, which was dated 1981, "carries little if any weight since this report is subsequent to the enactment of the involved provisions." *J. Gerber & Co. v. United States*, 65 Cust.Ct. 347, 350, C.D. 4101 (1970). Furthermore, the cited language from the *Summary* does not contradict plaintiff's contention that the common meaning of "pneumatic tire" is a device that can hold or maintain pressurized air.

Plaintiff maintains that the "outer casings" and "inner tubes," imported in equal numbers, meet all the requisites for classification as "entireties." In support of its

position, plaintiff cites the doctrine of "entireties," which states that:

> "if there are imported in one importation separate entities, which by their nature are obviously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity, duty will be imposed upon the entity they represent."

*Karoware, Inc. v. United States*, 77 Cust.Ct. 112, 125, C.D. 4681, 427 F.Supp. 402, 411 (1976) (quoting *Donalds Ltd. v. United States*, 32 Cust.Ct. 310, 315, C.D. 1619 (1954)), *aff'd*, 65 CCPA 1, C.A.D. 1197, 564 F.2d 77 (1977).

Plaintiff submits that it is clear that, "when imported and used together," the "outer casings" and "inner tubes" "merge into a new article of commerce—that of a pneumatic tire." Hence, plaintiff contends that the stipulated facts, which pertain to the imported merchandise which arrived in a single entry, bring the "outer casings" and "inner tubes" squarely within the doctrine of "entireties."

Plaintiff finds no difficulty in explaining the separate provision for "inner tubes." Plaintiff states that the reason for a separate tariff provision for inner tubes is that "when inner tubes are imported separately they are classifiable under a tariff provision for inner tubes, but when imported with an appropriately matched ... outer casing, the two together are classifiable as a pneumatic tire."

In further support of its contention, plaintiff cites *Phone–Mate, Inc. v. United States*, 12 CIT ——, 690 F.Supp. 1048 (1988), *aff'd*, 867 F.2d 1404 (Fed.Cir.1989), in which this court held that the existence of a separate *eo nomine* provision did not preclude the application of the "entireties" doctrine.

In *Phone–Mate*, the imported merchandise consisted of combination telephone and answering machine devices. The Customs Service classified the merchandise as " '[t]elephone sets and other terminal equipment and parts thereof,' " under item 684.58, TSUS. 690 F.Supp. at 1049. Plaintiff contested the classification and contended that the merchandise was properly classifiable as " '[o]ther: articles designed for connection to telegraphic or telephonic apparatus or instruments or to telegraphic or to telephonic networks,' " under item 688.41, TSUS. *Id.*

The plaintiff, in *Phone–Mate*, in support of its contention, asserted "that the imported merchandise is not classifiable under item 684.58, TSUS, because answering machines are provided for elsewhere in the tariff schedules under item 685.39." 690 F.Supp. at 1052. In rejecting plaintiff's argument, the court stated that:

> [t]he fact that answering machines, are provided for in item 685.39 of the tariff schedules, merely *indicates that* telephone answering machines, *when they are imported separately*, are classifiable under that provision. It does not change the fact that telephone answering machines, when they are imported combined with telephones, "constitute an integrated unit," and as a combined unit are classifiable under item 684.58, TSUS.

*Id.* (emphasis added).

Relying on the holding and language in *Phone–Mate*, plaintiff, in its brief in this case, states that *Phone–Mate* "simply reflects the fact that when inner tubes are imported by themselves ..., they are classifiable separately as inner tubes under item 772.57, TSUS[,]" and "does not mean that inner tubes must be separately classified when imported together with ... outer casings." Hence, despite the existence of an *eo nomine* provision for "[t]ubes: [b]icycle," under item 772.57, TSUS, the bicycle "outer casings" and bicycle "inner tubes" may be classified as "entireties."

Additional support for the legal position urged by plaintiff is found in the case of *Miniature Fashions, Inc. v. United States*, 52 Cust.Ct. 26, C.D. 2429 (1964), *rev'd*, 54 CCPA 11, C.A.D. 894 (1966). In *Miniature Fashions*, the imported merchandise consisted of "certain so-called cabana sets, consisting of children's apparel in the form of shorts and design-matched uppers...." 52 Cust.Ct. at 26. The merchandise was classified by the Customs Service under

separate provisions. The "uppers" were classified "within the [ *eo nomine* ] provision for shirts in paragraph 919 of the Tariff Act of 1930, as modified...." *Id.* The "shorts" were classified "as other articles of wearing apparel in said paragraph 919, as so modified...." *Id.* Plaintiff protested the classifications and contended "that said sets are not separably dutiable as shirts and other articles of wearing apparel, but, in fact, and in contemplation of law, consist of units which are dutiable, as entireties, ... as other articles of wearing apparel, in said paragraph 919, as modified...." *Id.*

In *Miniature Fashions*, in sustaining the Customs Service, the Customs Court observed that:

> [t]he articles which are claimed to represent an entirety are a shirt and a pair of shorts, color-, pattern-, and fabric-matched to form an article of commerce generally distributed in the markets of this country as a cabana set. When in use, however, and notwithstanding that they are designed to present an attractive appearance as a coordinated beach outfit, the functions of the separate parts are no different from what they would otherwise be if not so attractively combined. The shirt remains a shirt, the shorts remain shorts.

*Id.* at 30. Hence, the Customs Court denied plaintiff's protest, and determined that plaintiff's "contention that the instant importation consists of articles dutiable as entireties [was] without merit." *Id.* at 31.

On appeal, in a seminal opinion on the doctrine of "entireties," the Court of Customs and Patent Appeals reversed. The appellate court stated that the imported cabana sets were "designed and sold exclusively as a unit." 54 CCPA at 18. Noting that "[t]he upper portions are not imported as separate shirts[,]" the appellate court determined that "the upper portion of the imported sets is more properly classified under paragraph 919 as part of an entirety of clothing rather than as a shirt under [the *eo nomine* provision in] the same paragraph." *Id.*

Citing the principle of customs law that "the legislative history may be dispositive of an issue over common meaning[,]" *Schott Optical Glass, Inc. v. United States,* 67 CCPA 32, 34, C.A.D. 1239, 612 F.2d 1283, 1285 (1979), the defendant submits that, regardless of the common meaning of "pneumatic tire," "[a]scertaining congressional intent with respect to the meaning of pneumatic bicycle tire requires an examination of certain court decisions prior to the enactment of the TSUS." Prior to the enactment of the TSUS in 1962, imported merchandise was classified under the Tariff Act of 1930. The parties have differing interpretations of two Customs Court cases, *Spiegel Bros. v. United States,* 8 Cust.Ct. 340, C.D. 634 (1942), and *F.A. Baker Co. v. United States,* 17 Cust.Ct. 41, C.D. 1017 (1946), which dealt with the tariff classification of "outer casings" and "inner tubes" for bicycle tires. These cases were decided under the Tariff Act of 1930.

In *Spiegel Bros. v. United States,* 8 Cust.Ct. 340, C.D. 634 (1942), the imported merchandise consisted of equal numbers of "outer casings" and corresponding "inner tubes," for bicycles. The Customs Service classified the "inner tubes" "as parts of bicycles," under paragraph 371 of the Tariff Act of 1930. *Id.* at 340. The opinion does not reveal under what provision Customs classified the "outer casings." Plaintiff contested the classification of the "inner tubes" and contended that the "outer casings" and "inner tubes" should have been classified, as an "entirety," as " 'bicycle tires composed wholly or in chief value of rubber,' " under paragraph 1537(b). *Id.* In *Spiegel Bros.*, the government stipulated at oral argument " 'that one of said casings and one of said inner tubes constitute a complete bicycle tire; that said pneumatic bicycle tire casings cannot be used as a bicycle tire without an inner tube; that said inner tubes cannot be used on a bicycle without a pneumatic casing....' " *Id.* at 340–41. The Customs Court, in reversing the classification of the Customs Service, stated that "the ... rubber inner tubes for bicycle tires, and the accompanying outer casings ..., are entireties, and as such are

properly ... [classifiable] under the provision in paragraph 1537(b) of the Tariff Act of 1930 for 'bicycle tires composed wholly or in chief value of rubber'...." *Id.* at 342.

The Customs Service sought to limit the holding of the *Spiegel Bros.* case to the facts of that case. In *Rubber inner tubes for bicycle tires*, T.D. 50706, 78 Treas.Dec. 59, 59–60 (1942), Customs officials were directed to "classify future importations of ... bicycle tires (casings or shoes) in chief value of rubber under paragraph 1537(b) of the tariff act ... and inner tubes for bicycles under paragraph 371, ... pending a decision in a new case."

In *F.A. Baker Co. v. United States*, 17 Cust.Ct. 41, C.D. 1017 (1946), plaintiff challenged Customs' policy of classifying separately imported bicycle "outer casings" and bicycle "inner tubes." In *F.A. Baker*, the imported merchandise consisted of four styles, of different sizes, of "outer casings" and "inner tubes," for bicycle tires. Each style had unequal numbers of "outer casings" and "inner tubes." The Customs Service classified the "inner tubes" as "parts of bicycles," under paragraph 371 of the Tariff Act of 1930. *Id.* at 42. The opinion does not reveal under what provision Customs classified the "outer casings." Plaintiff contested the classification of the "inner tubes" and contended that the "outer casings" and "inner tubes" should have been classified, as an "entirety," as " 'bicycle tires composed wholly or in chief value of rubber,' " under paragraph 1537(b). *Id.*

In *F.A. Baker*, the government presented the testimony of representatives of rubber-manufacturing companies. In sum, the witnesses testified that:

there is a well-recognized trade distinction between a tire or casing and its inner tube; that the words "tire" and "casing" are synonymous terms used interchangeably to denote one and the same thing; ... that a bicycle tire is the outer covering or casing in which the inner tube is inserted and inflated when in actual use on bicycles.

*Id.* at 43. The Customs Court, in the *F.A. Baker* case, held that the imported "inner tubes" had been properly classified by Customs, as parts of bicycles, under paragraph 371 of the Tariff Act of 1930. *See id.* at 47.

On the basis of the holding in *F.A. Baker*, defendant states that, when the TSUS was enacted, "[c]asings were considered bicycle tires under paragraph 1537(b) ... and inner tubes were classified as bicycle parts under paragraph 371...." Defendant notes that, in enacting the TSUS, Congress "kept the provision for bicycle tires (item 772.48, TSUS) as well as for parts of bicycles (items 732.30—732.60, TSUS) [and] [t]he inner tube for a bicycle was given its own provision under item 772.57, TSUS." Hence, according to defendant, "it is apparent that Congress intended that tires (outer casings) and tubes were to be classified separately under the TSUS, as they had been under the old law."

Despite defendant's assertions, it is not clear that, at the time of the enactment of the TSUS, bicycle "outer casings" and "inner tubes" were classified separately. In *F.A. Baker*, since the imported "outer casings" and "inner tubes" were not of the same style and were incompatible, the case is of doubtful relevance. In *Spiegel Bros.*, however, as in the present case, the "outer casings" and "inner tubes" were of the same size or style, and were imported in equal numbers. Furthermore, in *Spiegel Bros.*, as in the present case, the parties have stipulated that the "outer casings" cannot be used as bicycle tires without the corresponding "inner tubes." In this case the parties have stipulated that "without an inner tube, plaintiff's ... outer casing cannot contain and maintain pressurized air."

It is also noteworthy that, in *F.A. Baker*, the Customs Court was careful not to reverse its holding in *Spiegel Bros.*, and, indeed, stated that the decision in *Spiegel Bros.* "was entirely proper, based on the facts there presented...." *F.A. Baker*, 17 Cust.Ct. at 47. Clearly, the present case is more closely analogous to the *Spiegel Bros.* case, than to *F.A. Baker*.

From a review of the stipulated facts, it is clear that the imported merchandise in

issue fully meets or complies with all the requisites for the application of the doctrine of "entireties." The "outer casings" and "inner tubes," which were included in one entry, were "imported in one importation." *Donalds Ltd.*, 32 Cust.Ct. at 315. The "outer casings" and "inner tubes," which were "matched and compatible for purposes of sizing, volumetric content and valve stem sizing[,]" were "obviously intended to be used as a unit, [and] to be joined together by mere assembly." *Id.* Moreover, both the "outer casings" and "inner tubes" serve indispensable roles as necessary parts of a bicycle tire. The "outer casing" "gives structural strength and durability to the pneumatic bicycle tire[,] [and] ... provides traction and handling for the bicycle." The "inner tube" "holds and maintains the pressurized air within the ... outer casing[,] [and] ... also serves the purpose of affixing the ... outer casings to the bicycle wheel rim...." Thus, as combined, "the individual identities of the ['outer casings' and 'inner tubes'] are subordinated to the identity of the combined entity." *Donalds Ltd.*, 32 Cust Ct. at 315. Hence, this is not a case where modifications or exceptions are sought or required for the application of the long-standing customs doctrine of "entireties." *See KMW Johnson, Inc. v. United States*, 728 F.Supp. 754, 757 (1989).

### CONCLUSION

In view of the foregoing, it is the determination of the court that plaintiff has overcome the presumption of correctness that attaches to the classification by Customs, and that the bicycle "outer casings" and bicycle "inner tubes" are properly classifiable as an "entirety" as "[p]neumatic tires: ... [b]icycle," under item 772.48, TSUS. Accordingly, plaintiff's motion for summary judgment is granted, and defendant's cross-motion for summary judgment is denied.

### JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now in conformity with said decision,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED: that plaintiff's motion for summary judgment is granted; and defendant's corresponding cross motion is denied; and it is further:

ORDERED, ADJUDGED, AND DECREED: that the United States Customs Service shall reliquidate the entries in accordance with this opinion, and shall refund any excess duties paid together with interest, as provided by law. Case dismissed.

