PHONE–MATE, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

Court No. 86–11–01449.

United States Court of
International Trade.

June 17, 1988.

Glad & Ferguson, Edward N. Glad, Los Angeles, Cal., for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. In Charge, International Trade Field Office, Commercial Litigation Branch, Susan Handler–Menahem, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

RE, Chief Judge:

The question presented in this case pertains to the proper classification, for customs duty purposes, of certain combination telephone and answering machine devices imported from Japan and described on the customs invoice as "other terminal equipment."

The merchandise entered at the port of Los Angeles, California in 1986, and was classified by the Customs Service as "[t]elephone sets and other terminal equipment and parts thereof," under item 684.58 of the Tariff Schedules of the United States (TSUS). Consequently, the merchandise was assessed with duty at the rate of 8.5 per centum *ad valorem.*

Plaintiff protests this classification, and contends that the imported merchandise should properly be classified under item 688.41, TSUS, as "[o]ther: [a]rticles designed for connection to telegraphic or telephonic apparatus or instruments or to telegraphic or to telephonic networks." If the merchandise is properly classifiable under item 688.41, TSUS, as maintained by plaintiff, it would be dutiable at the lower rate of 4.1 per centum *ad valorem.*

In its complaint, plaintiff claimed alternative classifications under item 685.39, TSUS, as "[t]elephone answering machines, and parts thereof," or under item 688.42, TSUS, as "[o]ther: [a]rticles designed for connection to telegraphic or telephonic apparatus or instruments or to telegraphic or telephonic networks ... [o]ther," or under item 676.30, TSUS, as "[o]ffice machines not specially provided for." In its brief, however, plaintiff did not pursue any of these claims, and requested classification only under item 688.41, TSUS. Hence, the alternative claims are deemed abandoned.

The imported merchandise consists of combination devices, designated as models 8050 and 9550, which contain a telephone, an answering and recording machine, and a digital clock. Plaintiff contends that, as a combination article with the two distinct functions of a telephone and an answering machine, the merchandise cannot properly be described by the heading "[t]elephone sets and other terminal equipment and parts thereof." Hence, the court must determine whether the provision "[t]elephone sets and other terminal equipment and parts thereof," as used in item 684.58, TSUS, includes combination telephone and answering machine devices. Since neither party discusses the digital clock, it is evident that the clock is incidental to the merchandise, and is therefore not in issue.

The pertinent statutory provisions of the tariff schedules are as follows:

Classified Under:
Schedule 6, Part 5:
Electrical telegraph (including printing and type-writing) and telephone apparatus and instruments, and parts thereof:
Telephonic apparatus and instruments and parts thereof:
. . . .

| | | |
|---|---|---|
| 684.58 | Telephone sets and other terminal equipment and parts thereof. | 8.5% ad val. |

Claimed Under:
Schedule 6, Part 5:
Electrical articles and electrical parts of articles, not specially provided for:
. . . .
Other:

| | | |
|---|---|---|
| 688.41 | Articles designed for connection to telegraphic or telephonic apparatus or instruments or to telegraphic or telephonic networks | 4.1% ad val. |

The question presented is whether the imported merchandise has been properly classified by Customs as "[t]elephone sets and other terminal equipment and parts thereof" under item 684.58, TSUS, or whether it is properly classifiable as "[o]ther: [a]rticles designed for connection to telegraphic or telephonic apparatus or

instruments or to telegraphic or telephonic networks," under 688.41, TSUS, as contended by plaintiff.

In order to decide this question, the court must consider "whether the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States*, 733 F.2d 873,. 878, *reh'g denied*, 739 F.2d 628 (Fed.Cir.1984). Pursuant to 28 U.S.C. § 2639(a)(1) (1982), the government's classification is presumed to be correct and the burden of proof is upon the party challenging the decision. *See Jarvis Clark Co.*, 733 F.2d at 876.

Contending that there are no material issues of fact in dispute, both parties moved for summary judgment pursuant to Rule 56 of the Rules of this Court. Upon examining the tariff schedules, relevant case law, and supporting papers, the court concludes that there are no material issues of fact in dispute, and that the imported merchandise has been properly classified. Hence, plaintiff's motion for summary judgment is denied, and defendant's cross-motion for summary judgment is granted.

▮▮▮ On a motion for summary judgment, it is the function of the court to determine whether there are any factual disputes that are material to the resolution of the action. *See Heyman v. Commerce and Indus. Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975). The court may not resolve or try factual issues on a motion for summary judgment. *Yamaha Int'l Corp. v. United States*, 3 CIT 108, 109 (1982) [available on WESTLAW, 1982 WL 2221]. In ruling on cross-motions for summary judgment, if there are no genuine issues of material fact, the court must decide whether either party has demonstrated its entitlement to judgment as a matter of law. *See American Motorists Ins. Co. v. United States*, 5 CIT 33, 36 (1983) [available on WESTLAW, 1983 WL 4994].

In support of its motion, plaintiff maintains that in order to be included in the inferior heading for item 684.58, TSUS, the merchandise must be included within the superior heading, which provides for "[e]lectrical telegraph ... and telephone apparatus and instruments, and parts thereof." Plaintiff contends that the telephone answering machine component of the merchandise does not fall within the meaning of that heading, as intended by Congress. Furthermore, plaintiff submits that if Congress considered telephone answering machines to be "telephone apparatus and instruments," it would have placed the provision for answering machines under that heading rather than in item 685.39, TSUS, under the heading which provides:

> Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers, and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:
>
> . . . .

685.39 Telephone answering machines, and parts thereof . . . . . . . 4.1% ad val.

In addition, plaintiff contends that the telephone and telephone answering machine components have separate and independent commercial functions, and, therefore, the merchandise is "more than" either item of the combination.

In opposition to plaintiff's motion, defendant maintains that the legislative history of item 684.58, TSUS, shows that the provision for "telephone sets and other terminal equipment" includes merchandise which combines a telephone and an answering machine in one unit. Defendant contends that under the Trade and Tariff Act of 1984, which established and added item 684.58, TSUS, Congress intended that the provision for "[t]elephone sets and other terminal equipment and parts thereof," should be sufficiently broad to encompass new technology in the area of telecommunications.

It is evident from the submissions that there is no material issue of fact in dispute.

Plaintiff describes the merchandise as consisting "in part of a telephone answering machine and in part of a built-in telephone." Defendant describes the merchandise as consisting of "a combination of a telephone and answering machine." Hence, regardless of phraseology, both parties agree that the importation is a combination article. The parties are in disagreement, however, as to whether item 684.58, TSUS, encompasses or provides for a combination telephone and answering machine device.

 Whether the imported merchandise is within the meaning of "telephone sets and other terminal equipment" is a matter of law and not an issue of fact. *See Fanon Elec. Indus., Inc. v. United States,* 65 Cust.Ct. 542, 545, C.D. 4135 (1970). As with other statutory provisions, it is the function of the court to interpret the tariff acts in a manner that will fulfill or carry out the intent of Congress. *See Sandoz Chem. Works, Inc. v. United States,* 43 CCPA 152, 156, C.A.D. 623 (1956).

 The initial source for the determination of congressional intent is the specific language of the tariff provision, which is to be given its common or commercial meaning. *See Ameliotex, Inc. v. United States,* 65 CCPA 22, 25, C.A.D. 1200, 565 F.2d 674, 677 (1977). When the court is confronted with conflicting interpretations of a tariff provision, and there is doubt or ambiguity, it is proper to resort to legislative history, committee reports and other pertinent extrinsic aids. *See United States v. Kung Chen Fur Corp.,* 38 CCPA 107, 117–18, C.A.D. 447 (1951); *see also Schott Optical Glass, Inc. v. United States,* 82 Cust.Ct. 11, 16, C.A.D. 1239, *aff'd,* 612 F.2d 1283 (1979).

The language of item 684.58, TSUS, "[t]elephone sets and other terminal equipment and parts thereof," does not resolve the question presented, nor does it offer specific guidance in ascertaining the meaning and scope of that tariff item. Nevertheless, it is beyond question that the tariff statutes were enacted "not only for the present but also for the future, thereby embracing articles produced by technolo-

gies which may not have been employed or known to commerce at the time of the enactment. . . ." *Corporacion Sublistatica S.A. v. United States,* 1 CIT 120, 126, 511 F.Supp. 805, 809 (1981).

Since item 684.58, TSUS, was added to the tariff schedules in 1984, pursuant to the Trade and Tariff Act of 1984, Pub.L. No. 98–573, 98 Stat. 2948, defendant urges that it is pertinent to examine the House Conference Report which discusses section 124 of the Act (Telecommunications product classification). That report states that the Senate bill "[r]evises the provisions of the Tariff Schedules applicable to telecommunications products, without changes in rates of duty, in order to better reflect the state of current technology in such products in the TSUS." H.R.Conf.Rep. No. 1156, 98th Cong., 2d Sess. 106 (1984) U.S. Code Cong. & Admin.News 1984 at pp. 4910, 5223.

The nomenclature in the original bill was drafted by the United States International Trade Commission (ITC) and was introduced to the Senate on May 1, 1984 as Title II of the Telecommunications Trade Act of 1984. Defendant points out that subsequent changes were made by the Senate Trade Subcommittee with the assistance of the ITC which submitted a report to the Senate Committee on Finance. That report, entitled *Changes in the U.S. Telecommunications Industry and the Impact on U.S. Telecommunications Trade,* discusses customer premises equipment (CPE), which it defines as encompassing "all types of switching, transmission and termination apparatus." USITC Publication 1542, at 3 (June 1984). The report also describes CPE as consisting "principally of terminal equipment (i.e., telephone instruments). . . ." *Id.* at ix. The report states that "[t]erminal equipment is sometimes used to describe customer premises equipment. Such usage, however, connotes too narrow a range of apparatus which is now found outside the telephone or common carriers' facilities." *Id.* at 3 n. 2.

In discussing CPE the report states that "[a]ll other types of wire-connected telephone instruments *whether or not in com-*

*bination with other products* such as radios, calculators, cigarette lighters and tape recorders are also included." *Id.* at 3 (emphasis added). Hence, the defendant contends, that the ITC, which drafted the relevant tariff provisions, intended the phrase "telephone sets and terminal equipment" to embrace many combination instruments, including answering and recording machines combined with telephones. Although the report does not specifically define telephone sets or terminal equipment, it is evident from the language used by the ITC that, in light of current telecommunications technology, it considers the term telephone to have a broad enough scope to include articles which combine a telephone with other instruments or devices.

■■■ The Nomenclature for the Classification of Goods in Customs Tariffs, generally referred to as the Brussels Nomenclature, sheds considerable light on the meaning and scope of the pertinent tariff provision. The Brussels Nomenclature has been recognized as "a highly probative source for ascertaining legislative intent especially where the language of the TSUS and Brussels are similar." *See Toyota Motor Sales, U.S.A., Inc. v. United States,* 7 CIT 178, 185, 585 F.Supp. 649, 655 (1984), *aff'd,* 753 F.2d 1061 (Fed.Cir.1985). In order to utilize the Brussels Nomenclature and its Explanatory Notes, there must be a nexus between the language of the Brussels provision and that of its counterpart provision in the TSUS. *Id.* at 185, 585 F.Supp. at 655–56.

As may be noted by a comparison of the Brussels provision with that of item 684.58, TSUS, in this case, the necessary nexus is clearly present. *See, e.g., Herbert G. Schwarz, dba Ski Imports v. United States,* 57 CCPA 19, 22–23, C.A.D. 971, 417 F.2d 1391, 1393–94 (1969). In Section XVI, the Brussels provision states:

> 85.13 ——Electrical line telephonic and telegraphic apparatus (including such apparatus for carrier-current line systems).

The Explanatory Notes to Heading 85.13 provide in part:

> The present heading covers *all kinds of telephone sets* including those in which a telephone set (incorporating a selector and a hand set) *and a device for the transmission of recorded messages* and, sometimes, the recording of incoming calls *constitute an integrated unit.* (emphasis added)

As may be noted, the Brussels Explanatory Notes for Heading 85.13 specifically state that the heading covers "all kinds of telephone sets" including those with a telephone answering machine. Since it is also stated that the described telephone sets "constitute an integrated unit," it would seem clear that the imported telephone and answering machine devices are included in the Brussels provision. This conclusion, of course, supports the defendant's contention that the imported merchandise is included in item 684.58, TSUS, as "[t]elephone sets and other terminal equipment and parts thereof," and that it has been classified correctly by Customs.

Plaintiff also contends that the imported merchandise is not classifiable under item 684.58, TSUS, because answering machines are provided for elsewhere in the tariff schedules under item 685.39. This contention in this case is without merit. The fact that answering machines, are provided for in item 685.39 of the tariff schedules, merely indicates that telephone answering machines, when they are imported separately, are classifiable under that provision. It does not change the fact that telephone answering machines, when they are imported combined with telephones, "constitute an integrated unit," and as a combined unit are classifiable under item 684.58, TSUS.

■■■ Plaintiff, nevertheless, contends that the imported merchandise is "more than" telephone sets and other terminal equipment. Plaintiff argues that the answering machine does not perform a function incidental to that of the telephone, but rather, performs a separate and independent commercial function. In support of its motion, plaintiff submits the affidavit of its director of operations, David R. Reed. Based on his personal knowledge, Mr. Reed avers that "when the built-in telephone in Models 8050 and 9550 is in use, the telephone answering component of those mod-

els is not in use. Conversely, the telephone answering machine component ... is only in use when the built-in telephone is not being used."

Defendant, on the other hand, contends that "[t]he two functions of the unit are related and merely provide for alternative methods of receiving the telephone message.... All of the functions of the unit are related to the essential character of the telephone set."

To determine whether the imported articles are "more than" telephone sets and other terminal equipment, it is necessary to determine the meaning of the tariff provision involved and compare it with the merchandise in issue. *See E. Green & Son, Inc. v. United States*, 59 CCPA 31, 34, C.A.D. 1032, 450 F.2d 1396, 1398 (1971); *B & E Sales Co. v. United States*, 9 CIT 69, 72 (1985). Accordingly, a finding, by the court, that an article is "more than" that described by the tariff provision signifies, in effect, that the provision cannot be interpreted as covering that article. *See The Englishtown Corp. v. United States*, 64 CCPA 84, 87, C.A.D. 1187, 553 F.2d 1258, 1260 (1977). The court has examined the legislative history of item 684.58, TSUS, and has ascertained that the statutory intent of that provision clearly is to include articles which combine a telephone and answering machine in one unit. Hence, the merchandise is properly classifiable as "[t]elephone sets and other terminal equipment and parts thereof," under item 684.-58, TSUS.

It is not questioned that an article which in fact constitutes more than a particular article or which has additional primary or coequal functions is not classifiable under the provision for that article. *See A & A Int'l, Inc. v. United States*, 10 CIT ——, 676 F.Supp. 263, 269 (1987). In this case, however, it seems clear that the answering machine serves a secondary function which relates to the predominant use of the article as a means of transmitting and receiving telephonic messages.

Finally, plaintiff contends that the imported merchandise was not properly classified because, pursuant to the Tariff Classification Study of 1960, prepared by the United States Tariff Commission, "electrical telegraph and telephone apparatus and instruments" transmit sounds by "the variation of an electric current flowing in a circuit connecting the transmitting station to the receiving station." Plaintiff asserts that the answering machine component does not vary any electric current. This contention does not affect the customs classification question presented, since the imported merchandise is not a telephone answering machine, but rather, a combination article consisting of *a telephone* and an answering machine.

Plaintiff has offered insufficient evidence to support its contention that the merchandise is properly classifiable under item 688.41, TSUS, as "[o]ther: [a]rticles designed for connection to telegraphic or telephonic apparatus or instruments or to telegraphic or telephonic networks." An examination of the evidence leaves no doubt that the imported articles contain a telephone and, therefore, are not designed for connection to telephonic apparatus. Since the court finds no support for this claimed classification, no further discussion is necessary.

Hence, it is the holding of the court that there are no material issues of fact in dispute. The court also holds that plaintiff has failed to rebut the presumption of correctness that attaches to the classification of the merchandise by the Customs Service, and that the merchandise was properly classified as "[t]elephone sets and other terminal equipment and parts thereof," under item 684.58, TSUS. Accordingly, plaintiff's motion for summary judgment is denied, and defendant's cross-motion for summary judgment is granted.