NORTH AMERICAN PROCESSING CO., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 93–11–00769

(Dated February 19, 1998)

*Barnes, Richardson & Colburn (Rufus E. Jarman, Jr., Christopher E. Pey),* New York, NY, for plaintiff.
*Frank W. Hunger,* Assistant Attorney General of the United States; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Barbara Silver Williams); Ed Maurer* and *Mitra Hormosi,* Office of the Assistant Chief Counsel for International Trade Litigation, United States Customs Service, of Counsel, for defendant.

## OPINION

CARMAN, *Chief Judge:* Defendant moves for summary judgment pursuant to U.S. CIT R. 56, contending the United States Customs Service ("Customs") properly classified the merchandise at issue under subheading 0202.30.60, of the Harmonized Tariff Schedule of the United States ("HTSUS"). Plaintiff opposes the government's summary judgment motion, contending genuine issues of material fact exist in this matter which preclude this Court from granting defendant's motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a) (1988).

## BACKGROUND

On October 14, 1992, North American Processing Company ("North American") entered the merchandise at issue through the port of San Francisco. The merchandise at issue consists of beef trimmings packaged in such a manner that the entire package consists of 35% lean meat and 65% fat. The one entry at issue was entered under subheading 1502.00.00, HTSUS, as "fats of bovine animals * * *", dutiable at a rate of 0.95¢/kg. The merchandise was liquidated as "no change" under this subheading on February 5, 1993, but was later reliquidated by Customs on February 26, 1996 under subheading 0202.30.60, HTSUS, as "meat of bovine animals, frozen, boneless, other", dutiable at a rate of 4.4¢/kg.

On May 26, 1993, pursuant to 19 U.S.C. § 1514(c) (1988), plaintiff filed a protest challenging Customs' reliquidation of the merchandise

under subheading 0202.30.60, HTSUS. Customs denied this protest on August 4, 1993, and plaintiff filed this action within the time provided by law.

## CONTENTIONS OF THE PARTIES

### A. *Defendant:*

Defendant moves for summary judgment contending no genuine issues of material fact exist in this matter and that it is entitled to judgment as a matter of law. Defendant argues because Customs properly classified the merchandise "the Government's motion for summary judgment should be granted; Customs' reclassification of the merchandise sustained; and North American's action dismissed." (Mem. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem.") at 2.)

### B. *Plaintiff:*

North American opposes defendant's Motion for Summary Judgment, asserting genuine issues of material fact exist which preclude this Court from granting defendant's motion. Plaintiff's central contention is that defendant improperly has characterized the merchandise at issue as "boneless beef meat to which fat adheres." (Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") at 5 (citing Def.'s Stmt. of Mater. Facts at 1).) Plaintiff also contends a genuine issue of material fact exists as to how the boxes in which the merchandise was imported were labeled.

## STANDARD OF REVIEW

This case is before the Court on defendant's motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S. CIT R. 56(d). "The Court will deny summary judgment if the parties present a dispute about a fact such that a reasonable trier of fact could return a verdict against the movant." *Ugg Int'l, Inc. v. United States*, 17 CIT 79, 83, 813 F. Supp. 848, 852 (1993) (quotation and citation omitted). When appropriate, summary judgment is a favored procedural device to "secure the just, speedy, and inexpensive determination" of an action. *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir. 1987) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986)) (internal quotations omitted).

## DISCUSSION

The rules of this Court provide "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" shall be examined by the Court in determining whether a genuine issue of material fact exists which precludes summary judgment. U.S. CIT R. 56(d). In evaluating the papers before it, the Court finds genuine

issues of material fact requiring trial exist in this matter, and according-
ly the Court denies defendant's Motion for Summary Judgment.

A. *Physical Nature and Description of the Imported Merchandise:*

In its motion papers, defendant characterizes the merchandise at is-
sue as consisting of "boneless beef meat to which fat adheres." (Def.'s
Mem. at 1.) Plaintiff asserts the defendant has mischaracterized the
physical nature and description of the merchandise at issue and con-
tends the merchandise properly is described as "'a mixture of fat trim-
mings which incorporate intermingled fat and meat, some of which
adhere to each other.'" (Pl.'s Opp'n at 6 (quoting Pl.'s First Resp. to
Def.'s First Set of Interrog. at 12).)

The issue of whether fat adheres to the meat is material to this Court's
determination of whether the merchandise properly is classified under
heading 0202, HTSUS, as "meat of bovine animals, frozen, boneless,
other", or under heading 1502, HTSUS, as "fats of bovine animals". As
defendant's papers note, the General Explanatory Notes to Chapter 2 of
the HTSUS, provides "[a]nimal fat presented separately is excluded
* * * but fat presented in the carcass or adhering to meat is treated as
forming part of the meat." (Def.'s Mem. at 5 (quoting Harmonized Com-
modity Description and Coding System, Chapter 2, General Notes
(1986)).)[1]

The parties do not agree on the degree to which the fat adheres to the
meat,[2] and this issue will require a factual finding by the Court. Defen-
dant argues the Court should examine photos of similar merchandise at-
tached to its motion papers in evaluating whether the fat adheres to the
lean meat, and thus whether Customs properly classified the merchan-
dise at issue. (See Def.'s Mem. at 7.) By examining the photos and reach-
ing a conclusion on the degree to which the fat adheres to the meat,
however, the Court would be making an impermissible factual finding.
*See, e.g., Phone-Mate, Inc. v. United States*, 12 CIT 575, 577, 690 F. Supp.
1048, 1050 (1988) ("The court may not resolve or try factual issues on a
motion for summary judgment.") (citation omitted). Because the Court
is precluded from making factual findings in deciding a summary judg-
ment motion, the Court must deny defendant's motion for summary
judgment.

B. *Labeling on Packaging of the Imported Merchandise:*

Defendant contends labeling on the packaging of substantially simi-
lar merchandise described the contents as "Boneless Beef". (Def.'s
Stmt. of Mater. Facts Not in Issue at 2.) Plaintiff, however, asserts the

---

[1] While the General Explanatory Notes are not controlling legislative history, this Court may refer to them for guid-
ance in interpreting the language used in subheadings of the HTSUS. *See Iko Indus., Ltd. v. United States*, 105 F.3d 624,
628–29 (Fed. Cir. 1997); *Lonza, Inc. v. United States*, 46 F.3d 1098, 1109 (Fed. Cir. 1995) (citing *Pfaff American Sales
Corp. v. United States*, 17 CIT 550, 554 (1993)).

[2] The Court notes defendant's motion papers suggest the merchandise does not consist entirely of fat adhering to
meat. A declaration by James B. Sinclair, Import Field Office Supervisor for the United States Department of Agricul-
ture, submitted with the defendant's Motion for Summary Judgment characterizes the sample merchandise as includ-
ing "a single piece * * * [that] was all fat, and it was only one inch by one inch square." (Def.'s Br. Attach. 1 at 2.) The
declaration also observes "[s]everal small pieces were of beef alone, without any fat." (*Id.*)

merchandise at issue was imported in boxes marked "A-FAT-TRIM", an abbreviation for Type-A Fat Trimmings. (Pl.'s Opp'n at 9.)

While they are not controlling in classification determinations, invoice and packaging descriptions of merchandise are evidence which can aid the Court in reaching the proper classification. *See Peterson Electro Musical Products v. United States*, 7 CIT 293, 295 (1984) ("Such [invoice] descriptions are evidence of what the parties, and, presumably, the commercial world, consider the merchandise to be.") (citation omitted); *Mundo Corp., et. al v. United States*, 56 Cust. Ct. 303, 310, C.D. 2640 (1966) ("While invoice descriptions of imported merchandise have certain evidentiary value * * *, the true character of the goods will prevail.") (citations omitted). Similar to the issue of whether the fat adheres to the meat, the issue of how the merchandise at issue was labeled may affect this Court's determination as to whether the merchandise is classified properly under heading 0202 or 1502 of the HTSUS.

As discussed previously, this Court may not make findings of fact in ruling on a motion for summary judgment. While defendant acknowledges plaintiff supplied it with a sample of trimmings similar to the merchandise at issue, it is unclear whether defendant concedes the merchandise at issue entered the United States in boxes marked "A-FAT-TRIM". (*See* Def.'s Reply Mem. to Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 7–8 ("As to the markings on the outside of the container in which the merchandise was packed, North American provided this contained as substantially similar to the importations, and never indicated that the markings were different.").) The Court finds the parties' dispute as to the labeling on the packaging of the merchandise at issue, which may affect this Court's decision on the proper classification of the merchandise at issue, gives rise to a second genuine issue of material fact requiring trial. Because the Court is precluded from resolving factual disputes in a motion for summary judgment, the Court must deny defendant's motion.

CONCLUSION

For the reasons stated above, the Court finds this matter presents genuine issues of material fact requiring trial. Accordingly, defendant's Motion for Summary Judgment is denied.